UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61022-Civ-ZLOCH/SNOW

CO-PATENT OWNERS # U.S. 6,889,615,

             Plaintiff(s),

             v.

STATE OF MICHIGAN, et al.,

             Defendant(s).
_____/

**AMENDED REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the Motion to Proceed Without Prepayment of Fees (Docket Entry 2), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.   The report and recommendation is amended to include the citation on page five.

I.   PROCEDURAL HISTORY

The complaint and motion for leave to proceed in forma pauperis were filed on July 3, 2008.  Noting that the complaint alleged facts related to a number of separate cases proceeding in the Eastern District of Michigan, the Court ordered the plaintiff to show cause why the case should not be transferred to that forum. In response, Bridgewater Products, Inc., filed a response and a second motion to proceed in forma pauperis.

II. THE COMPLAINT AND IN FORMA PAUPERIS MOTION

The plaintiffs in the case are identified as the Co-Patent Owners # U.S. 6,889,615.  The complaint is signed by (1)

Paul Bridgewater as President and Agent for Bridgewater Products, Inc., of Saline, Michigan, for the co-patent owners and (2) Mr. William Johnson of Miramar, Florida, as a co-inventor of record, also on behalf of the co-patent owners of # U.S. 6,889,615. The first paragraph of the Complaint states that Mr. Johnson signed the complaint to add diversity of citizenship.

The Complaint alleges that the State of Michigan violated or infringed upon the powers granted to the federal courts in Article III of the United States Constitution, because a Michigan state court issued an order in Hogan Bridgewater v. Bank One Delaware, Case No. 05-40330, after the case was removed to the federal court for the Eastern District of Michigan. The plaintiffs allege Mr. Bridgewater removed the case to federal court "for lack of competent and proper jurisdiction, and conflict of interest." (DE 1, ¶ N)  The complaint also alleges that the instant complaint cannot be filed in the Eastern District of Michigan because that court has failed to rule on matters before it.  The plaintiffs also assert that the defendant's action has "adversely affected a co-patent owner in an appeal (07-2583) in the Sixth Circuit of the U.S. Court of Appeals, a related matter made known in the Notice of Removal." (DE 1, ¶ Q)

The Complaint alleges violation of the plaintiffs' civil rights pursuant to 42 U.S.C. § 1981 (Count I); conspiracy to interfere with civil rights pursuant to 42 U.S.C. 1985 (Count II);

2

violation of the Fourteenth Amendment right to due process and equal protection of the law (Count 3); deprivation of civil rights protected by 42 U.S.C. § 1983 (Count 4); violation of the Fourth Amendment by unreasonable seizure (Count 5); violation of the removal statute, 28 U.S.C. § 1441 (Count 6), and violation of 28 U.S.C. § 1338, giving jurisdiction over patents to federal courts (Count 7). The plaintiffs seek $10,000,000.00 in damages.

The application for leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915 filed on behalf of the co-patent owners, is signed by Paul Bridgewater for "Bridgewater Products, Inc. for co-patent owners # U.S. 6,889,615." The affidavit states that the applicant is not employed and has no income. The only asset is a patent "which cannot be exploited due to antitrust violations as illustrated + claimed in (08-21585 FLSD)." [1] The affidavit also states that the class members listed in Case No. 08-21585-Civ-Gold are dependent on the applicant for support. Mr. Johnson, who also signed the complaint, has not filed a motion to proceed in forma pauperis and has not paid a filing fee.

---

[1] Mr. Bridgewater filed a class action complaint on behalf of the co-patent owners against the United States Government, alleging facts similar to the instant complaint and seeking similar relief. Southern University Alumni Federation and Co-Patent Owners # 6,889.615 v. United States Government, Case No. 08-21585-Civ-Gold. Judge Gold, noting that all of the alleged facts related to a number of separate cases in the Eastern District of Michigan, transferred the case to that forum. The Eleventh Circuit Court of Appeals dismissed the appeal of this order. Mr. Bridgewater subsequently filed the instant complaint against the State of Michigan.

III.  RESPONSE TO THE ORDER TO SHOW CAUSE

In response to the Order to Show Cause, the plaintiff again states that the failure of the court in the Eastern District of Michigan to rule on the motion for change of venue in Case No. 05-40330 was the proximate clause of his filing the instant complaint, since its failure to rule prohibited the plaintiff from having his case resolved.[2]  He also states that a number of other cases he has filed in the Southern District of Florida have been transferred to the Eastern District of Michigan, and asserts in Paragraph P of the response that this supports the alleged violations of his constitutional rights in Counts 2-7 of the instant complaint.

The response is accompanied by a second Application to Proceed Without Payment of Fees (DE 5) which provides exactly the same information as the original motion to proceed in forma pauperis.

IV.  RECOMMENDATIONS OF LAW

Title 28 U.S.C. § 1406(a) provides "The district court of a district in which is filed a case laying venue in the wrong

---

[2] A review of the docket sheet for Case No. 05-40330 reveals that all of the motions in this case were ruled upon, including three  motions for change of venue filed by the plaintiff nine months after the case was dismissed by granting the plaintiff's Motion to Permit Expiration of Civil Action.   (Exhibit 1, attached to this report and recommendation.)

division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." All of the facts alleged took place in Michigan. The complaint attempts to support venue in the Southern District of Florida by including a plaintiff from this district "adding to the diversity of citizenship." (DE 1, p.1)

However, the mere presence of a plaintiff who resides in the Southern District of Florida does not confer jurisdiction on this Court. Title 28 U.S.C. § 1332, which confers jurisdiction based on diversity of citizenship, requires that the citizenship of all plaintiffs must be diverse from the citizenship of all defendants. University of South Alabama v. The American Tobacco Co., 168 F.3d 404, 412 (11th Cir. 1999). Because Bridgewater Products, Inc., acting for the co-patent owners #6,889,615 does not have diverse citizenship from the defendant State of Michigan, diversity jurisdiction does not exist. The case must be transferred to the Eastern District of Michigan.

## V. CONCLUSION

This Court having considered carefully the pleadings and the applicable case law, it is hereby

RECOMMENDED that the case be transferred to the Eastern District of Michigan.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The

5

Honorable William J. Zloch, United States District Judge.  Failure
to file objections timely shall bar the parties from attacking on
appeal factual findings contained herein. LoConte v. Dugger, 847
F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC
v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

     DONE AND SUBMITTED at Fort Lauderdale, Florida, this 8th
day of August, 2008.

                      LURANA S. SNOW
                      UNITED STATES MAGISTRATE JUDGE


Copy to:

Co-Patent Owners # U.S. 6,889,615
c/o Bridgewater Products, Inc.
101 Green Hills Drive
Saline, MI 48176